UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
LEE HYUN SON,

                      Plaintiff,

-against-

TOURO COLLEGE OF DENTAL MEDICINE,
TOURO UNIVERSITY SYSTEM, KAREN
LONGO, and RONNIE MYERS,

                      Defendants.
------------------------------------------------------------- x

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

25 Civ. 7236 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Lee Hyun Son moves for a temporary restraining order and preliminary injunction against Defendants Touro College of Dental Medicine ("TCDM"), the Touro University System, TCDM Director of Student Affairs Karen Longo, and TCDM Dean Ronnie Myers, ordering them to reinstate Plaintiff as a second-year dental student at TCDM, and not to terminate his student visa record from the U.S. Department of Homeland Security's Student and Exchange Visitor Information System ("SEVIS"). I heard oral argument on September 4, 2025, and denied Plaintiff's motion.

## BACKGROUND

Plaintiff, a Koren national, present in the United States on a student visa, was enrolled in TCDM during the 2024-25 academic year as a first-year dental student. As such, Defendants must certify his continued standing as a full-time TCDS student via SEVIS; if Plaintiff does not maintain this status, he must depart the United States, or petition the Department of Homeland Security for reinstatement. 8 C.F.R. §§ 214.2(f); 214.3(a). Defendants informed Plaintiff of their intent to terminate his SEVIS record after initially suspending him for assaulting another student on campus, and subsequently ruling that he would not be permitted to advance to his second year

1

of dental school, and instead would have to repeat his second semester in Spring 2026. Plaintiff's internal appeal of this decision was denied, and he was placed on a leave of absence. Since Plaintiff is not enrolled in TCDS for the Fall 2025 semester, Defendants must terminate his SEVIS record under federal regulations. *See* 8 C.F.R. §§ 214.2(f), 214.3(a).

## LEGAL STANDARD

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. Neither "should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)). A plaintiff seeking a temporary restraining order or preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

## DISCUSSION

Here, there is no complaint before the Court. And Plaintiff has failed to allege a basis for subject matter jurisdiction in federal court. *Aurecchione v. Schoolman Transp. Sys.*, Inc., 426 F.3d 635, 638 (2d Cir. 2005); *see also Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 154 (1908). When asked for the basis of this Court's jurisdiction, Plaintiff's counsel first represented that this action was brought under 42 U.S.C. § 1983. But when the Court asked how Touro could be plausibly considered a state actor, Plaintiff had no response. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (§ 1983 claims are cognizable only when they allege injury by a state actor); *Delo v. Fordham Univ.*, 24 Civ. 6025, 2025 U.S. Dist. LEXIS 104487, at *29-30 (S.D.N.Y. June 2, 2025) ("[C]ourts in this Circuit have held that private universities . . .

are not ordinarily state actors."). Instead, Plaintiff orally alleged subject matter jurisdiction predicated on the immigration regulations governing SEVIS and student visas, 8 C.F.R. §§ 214.2, 214.3. But these regulations do not confer a private right of action, and thus are not cognizable bases for subject matter jurisdiction. *Sofia v. Esposito*, 17 Civ. 1829, 2019 U.S. Dist. LEXIS 209201, at *14 (S.D.N.Y. Dec. 4, 2019) ("A regulation, by itself, may not create a private right of action."); *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Private rights of action to enforce federal law must be created by Congress.").

Accordingly, Plaintiff has neither demonstrated the existence of a case or controversy before this Court, nor his likelihood of success on the merits. *See* U.S. Const. art. III, § 2. Thus, I need not address the remaining *Winter* factors. *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011); *Bragg v. Jordan*, 669 F. Supp. 3d 257, 275 (S.D.N.Y. 2023).

I also deny Plaintiff's request to proceed under a pseudonym, and to seal all-previously filed papers that refer to him by the name under which he filed this action. "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties," and this requirement "cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2007). Here, many of the factors enumerated in *Sealed Plaintiff* militate in favor of denying Plaintiff's request to proceed by pseudonym: identification of Plaintiff poses no risk of retaliation to himself or non-parties; he is not particularly vulnerable to the possible harms of disclosure; the injury litigated against would not be incurred as a result of the disclosure of his identity; this suit is challenging the actions of

private parties, not the government; his identity, thus far, has not been kept confidential; and the public interest militates in favor of disclosure of the identities of litigants.

## CONCLUSION

Based on the foregoing, I deny Plaintiff's motion for a temporary restraining order and preliminary injunction, and I also decline his request to proceed under a pseudonym.

Plaintiff is ordered to file his complaint on the docket, and to pay the required filing fee or move to proceed *in forma pauperis*, by September 8, 2025. Failure to do so by this deadline will result in the dismissal of this case pursuant to United States District Court for the Southern District of New York Standing Order M10-468, *In re Civil Case Opening*, 15 Misc. 131.

The Clerk of Court is respectfully directed to terminate ECF Nos. 6 and 10.

SO ORDERED.

Dated:   September 4, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

Time: _____ p.m.