UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

LEE HYUN SON,

                              Plaintiff,

     -against-

TOURO COLLEGE OF DENTAL MEDICINE,
TOURO UNIVERSITY SYSTEM,

                        Defendants.

------------------------------------------------------------------ x

**OPINION AND ORDER
GRANTING MOTION TO
DISMISS COMPLAINT**

25 Civ. 7236 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff Lee Hyun Son brings this suit against Touro College of Dental Medicine

("TCDM") and Touro University System ("Touro University") (collectively "Touro" or

"Defendants") alleging violations of the Americans with Disabilities Act of 1990, Section 504 of

the Rehabilitation Act, Title VI of the Civil Rights Act of 1964, breach of contract, and breach of

the duties of good faith and fair dealing. Plaintiff's claims arise out of Touro suspending Plaintiff

for fighting and his subsequent loss of visa status as a non-U.S. citizen. Defendants filed a motion

to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6). For the following reasons,

the motion is granted, and the complaint is dismissed.

## FACTS

       Plaintiff is a South Korean citizen of Asian descent who was enrolled at TCDM, a

graduate school of dentistry, part of the overall Touro University system. SAC ¶ 7.[1] Plaintiff was

---

[1] The facts are taken from Plaintiff's Second Amended Complaint, the exhibits attached thereto, and documents incorporated by reference into the complaint. Defendants seek to supplement the facts presented in the complaint with declarations and affidavits. These may not be considered on a motion to dismiss, and I accept as true the allegations in the complaint, despite any evidence of their falsity presented by Defendants. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). However, I may consider the documents incorporated by reference in Plaintiff's complaint, including the documents explaining the disciplinary actions and the TCDM Code of Conduct. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (The court may consider "the facts alleged in the complaint,

present in the United States on an F-1 student visa. SAC ¶ 14. He began his course of study at Touro in the Summer of 2024. SAC ¶ 14.

On March 27, 2025, Plaintiff was placed on administrative leave by TCDM, based on TCDM's concerns for Plaintiff's well-being and the "safety of [TCDM's] faculty, staff, and [] students." ECF No. 44, Ex. 1. The letter explained that Plaintiff was unable to meet the technical standards required for TCDM students and that his student status would be assessed following his completion of a questionnaire and certification from a mental health provider regarding his ability to safely continue as a student. *Id.* After Plaintiff completed the evaluation, he was permitted to return to classes on April 22, 2025. SAC ¶ 21. Plaintiff alleges that the TCDM Student Handbook does not permit placing a student on involuntary administrative leave, as the Handbook covers student-initiated leaves of absence but contains no definition of administrative leave. SAC ¶¶ 18-20.

Just a few days after returning to his program, on April 25, 2025, Plaintiff engaged in a physical altercation with another student on campus. SAC ¶ 22. As a result, Plaintiff was subject to a disciplinary process, and Touro imposed a three-month suspension. SAC ¶¶ 25, 29. Plaintiff was informed of his suspension in a meeting on May 5, 2025. SAC ¶ 27. Following the meeting, Plaintiff suffered a psychiatric collapse and was involuntarily hospitalized for nine days. SAC ¶ 28. Plaintiff suffers from clinically recognized severe anxiety disorder. SAC ¶ 58.

Plaintiff appealed the suspension, arguing that he acted in self-defense when engaging in the physical altercation and that cultural differences in norms around fighting explained his behavior. SAC ¶¶ 40-42. Plaintiff additionally alleges that he was provided with insufficient access to materials to support his appeal. SAC ¶¶ 32-39. Plaintiff's appeal was denied.

---

documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). Thus, I consider only those facts stated in the complaint and documents referenced therein in assessing the motion to dismiss.

SAC ¶ 43. As a result of his suspension, Plaintiff was unable to complete the classes he was then enrolled in for the Spring 2025 semester, nor could he enroll in Summer 2025 classes. SAC ¶ 48. Because the classes he needed to take were not offered in the fall, the earliest Plaintiff was able to re-enroll would have been Spring 2026. SAC ¶ 48; ECF No. 44, Ex. 3. This gap in Plaintiff's enrollment at Touro University resulted in the termination of his student visa. SAC ¶ 49.

Plaintiff additionally alleges that Touro requires international students to prepay tuition, while not requiring the same of domestic students. SAC ¶ 50. Under the Tuition Deposit and Guarantor Agreement, foreign students (non-citizens and non-permanent residents) must prepay tuition as a deposit for their tenure and provide a personal guarantee from a credit-worthy United States citizen. SAC ¶ 50. Under this policy, Plaintiff alleges that he was required to prepay for multiple years of tuition, while domestic students pay semester-by-semester. SAC ¶ 51.

Based on these facts, Plaintiff alleges: (1) that Defendants' failure to remove his suspension and allow him to participate in classes with reasonable accommodation was a violation of the ADA; (2) Plaintiff's suspension and denial of appeal was a discriminatory act based on his disability in violation of Section 504 of the Rehabilitation Act; (3) that the requirement that international students prepay tuition is unlawful national origin based discrimination under Title VI of the Civil Rights Act; and (4) that Plaintiff's suspension was a breach of contract and alternatively of the covenant of good faith and fair dealing, based on failure to comply with the policies of the TCDM Student Handbook.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a motion to dismiss, the Court must assume all well-pled facts to be true and "draw[] all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, the Court need not accept conclusory allegations. A complaint may be dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief" as a matter of law. *Twombly*, 550 U.S. at 558.

## DISCUSSION

As discussed further below, Plaintiff has failed to allege violations of the ADA, Rehabilitation Act, Title VI, or breach of contract and the covenant of good faith and fair dealing. Therefore, the motion to dismiss is granted, and Plaintiff's complaint is dismissed with prejudice.

### I.    Plaintiff fails to allege violations of the ADA or Rehabilitation Act.

Plaintiff alleges that Touro failed to accommodate his disability of severe anxiety disorder by failing to give consideration to that condition when imposing discipline for the physical altercation with another student and for failing to amend its disciplinary decision after Plaintiff suffered a psychiatric episode requiring his hospitalization. Taking Plaintiff's allegations as true, they are insufficient as a matter of law to allege discrimination under the ADA or Rehabilitation Act.

The ADA and Rehabilitation Act do not "require that employers countenance dangerous misconduct, even if that misconduct is the result of a disability." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 172 (2d Cir. 2006); *see also Tylicki v. St. Onge*, 297 F. App'x 65, 67 (2d Cir. 2008) ("the ADA and the Rehabilitation Act permit [University] to discipline a student even if the student's misconduct is the result of disability"). Therefore, imposing an adverse

4

consequence on a student, even where that misconduct is allegedly caused by a disability, does not violate the ADA or Rehabilitation Act.

Applied here, Touro reasonably disciplined Plaintiff for his participation in a physical altercation with another student. Touro did not violate the ADA or Rehabilitation Act by failing to consider or amend Plaintiff's suspension because of his mental health conditions. Plaintiff contends that Touro could have reasonably accommodated his disability by providing flexible options for him to return to campus. However, in practice this would have required Touro to go back on its decision to suspend Plaintiff, which it was not required to do. Therefore, Plaintiff fails to state a claim under the ADA or Rehabilitation Act.

## II.    Plaintiff fails to allege discrimination on the basis of alienage under Title VI.

Plaintiff alleges that Touro's requirement that foreign students prepay tuition violates Title VI by discriminating against him, and other foreign students, on the basis of national origin. This allegation fails as a matter of law. Title VI does not prohibit disparate treatment on the basis of residency or citizenship, as citizenship status is not a protected category under Title VI. *Bibliotechnical Athenaeum v. American Univ. of Beirut*, 527 F. Supp. 3d 625, 635 (S.D.N.Y. 2021) ("The term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came. . . . It does not include citizenship or alienage. . . . A federally-funded program thus can discriminate against an individual based on the country in which she chooses to live or establish citizenship."). Therefore, Touro's disparate treatment of non-citizens in tuition payment requirements does not violate Title VI.

Plaintiff additionally alleges that he was disciplined differently from the domestic student involved in the physical altercation. SAC ¶ 82. Taking this allegation as true, despite its conclusory nature, it fails as a matter of law. Plaintiff does not allege that he was discriminated

5

against for his race or national origin. Rather, he asserts only that his non-citizen status resulted in disparate treatment. SAC ¶¶ 81-82. Plaintiff's attempts to reframe his pleadings as based on race or ethnicity in his opposition are unconvincing on this point because the complaint itself references citizenship, not race or ethnicity, as the basis of comparison to the treatment of the other student involved in the altercation. *See* SAC ¶¶ 81-82. As stated above, citizenship is not a protected category under Title VI, and therefore Plaintiff has not alleged a violation under Title VI.

**III.** **Plaintiff fails to state a claim for breach of contract or the covenant of good faith and fair dealing.**

Plaintiff alleges that Touro breached two contracts in disciplining him. First, he alleges that Touro breached the terms of the TCDM Student Handbook by placing him on administrative leave and suspending him without following certain procedures. Under New York law, a contractual relationship exists between a university and its students, wherein the university must comply with the policies and procedures established in its disciplinary rules. *Tedeschi v. Wagner College*, 49 N.Y.2d 652, 660–61 (1980). Plaintiff alleges that Touro was not authorized under the TCDM Student Handbook to place him on administrative leave without his consent and that Touro was not permitted to suspend him without following defined procedures. Plaintiff contends that his initial March 2025 administrative leave was conducted without following these requirements.

Plaintiff fails to adequately allege a breach of contract. To state a claim for breach of contract Plaintiff must "identify the provisions of the contract that were breached." *NFA Grp. v. Lotus Rsch., Inc.*, 180 A.D.3d 1060, 1061, 120 N.Y.S.3d 75, 76 (2d Dep't 2020). Plaintiff fails to do so here. The provisions that Plaintiff alleges Touro breached refer to the administrative

policies that allow a student to request a leave of absence and the administrative requirements for instituting a formal suspension. Neither provision prohibits Touro from placing a student on administrative leave when student and faculty safety is questioned, as Touro did here. Therefore, Plaintiff has failed to identify a Handbook provision that Touro allegedly breached and this claim fails.

Plaintiff additionally alleges that Touro breached the Tuition Deposit and Guarantor Agreement (the "Guarantor Agreement"). The Guarantor Agreement is a contract between Touro and Plaintiff's sister, Jihyeon Son. A non-party to a contract is unable to bring a claim for breach. *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009). Therefore, as a non-party to the Guarantor Agreement, Plaintiff is unable to state a claim for breach of contract.

Finally, Plaintiff alleges that Touro violated the covenant of good faith and fair dealing. However, Plaintiff fails to allege any specific allegations to support this claim. Plaintiff merely alleges that "[b]ased on the acts and omissions set forth above, [Touro] breached the duties of good faith and fair dealing." SAC ¶ 96. Such conclusory allegations are insufficient to state a claim. To the extent the allegations refer to the breach of contract allegations, they are dismissed as duplicative.

## CONCLUSION

For the aforementioned reasons, Plaintiff has failed to state a claim on which relief can be granted. Defendants' motion to dismiss is granted and the complaint is dismissed with prejudice. The Clerk of Court shall terminate ECF No. 46 and close the case.

SO ORDERED.

Dated:    June ___, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

7